IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **JABARI BRUTON-BARRETT** <br> 1305 Maple View Pl., S.E., <br> Washington, DC 20020 <br><br> Plaintiff, <br><br> v. <br><br> **GILEAD SCIENCES, INC.,** <br> 300 New Jersey Ave., N.W., <br> Washington, D.C. 20001 <br><br> Serve: Registered Agent: <br> Morgan, Lewis & Bockius LLP <br> 1111 Pennsylvania Avenue NW <br> Washington, DC 20004 <br><br> Defendant. | Civil Action No.-- <br><br><br> **Jury Requested** |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**COMES NOW** Plaintiff, Jabari Bruton-Barrett., hereinafter ("Plaintiff"), by and through his undersigned counsel, and sues Gilead Sciences ("Gilead" or "Defendant"), and for his cause of action states the following:

### INTRODUCTION

1. This is an action authorized and instituted pursuant to D.C. Human Rights Act of 1977, D.C. Code § 2-1403.16 and the 42 U.S.C § 1981, for the Defendant's unlawful race (African American) and gender (sexual orientation) discrimination against the Plaintiff.

2. Since approximately 2013, Plaintiff worked for Defendant as a Community

Liaison in the Commercial Division.

3. Since approximately 2019, Defendant has subjected Plaintiff to disparate treatment regarding terms, conditions, and privileges of employment with Defendant based on Plaintiff's race (African-American) and sexual orientation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint pursuant to 42 U.S.C. § 1983, D.C. Code § 2-1403.04 and 42 U.S.C. § 2000e and 42 U.S.C § 1981. Venue is appropriate and based on the fact that all of the actions complained herein took place within the District of Columbia, and are the result of actions Defendant, a private entity that operates a business and conducts business within the District of Columbia.

## PARTIES

5. Plaintiff is a resident of the District of Columbia.

6. Plaintiff is African American and he is openly gay.

7. At the time of the actions complained of herein, Plaintiff was employed by Defendant.

8. Plaintiff is currently domiciled at 1305 Maple View Pl., S.E., Washington, D.C. 20020.

9. The Defendant, Gilead Sciences, is a private company with an office located in the District of Columbia and doing business within the District of Columbia.

## FACTS

10. On or around December 13, 2013, Defendant hired Plaintiff as a Community Liaison in the Commercial Division.

11. In or around June 2018, Plaintiff expressed interest in applying for a newly created position with Defendant as Director of Corporate Contributions that had not yet been posted for applications.

12. Plaintiff was highly qualified for this position as he had been working for Defendant for approximately six (6) years.

13. In or around January 2019, Plaintiff learned that selecting official Patrick McGovern (White) selected another individual (Asian; Heterosexual) for the position without posting the position for others to apply.

14. On or around January 29, 2019, Plaintiff sent an email to Defendant's Human Resources Group, complaining that he was not selected for the position because of his race because of his race.

15. Plaintiff later learned that he was not selected due to the fact that the former Vice President of Government Affairs, Patrick McGovern ("Mr. McGovern"), made a derogatory statement about race while discussing and considering the candidate for the Director of Corporate Contributions position for which Plaintiff applied.

16. On or around March 25, 2019, Defendant concluded an internal investigation into Mr. McGovern's discriminatory practices.

17. On or around March 28, 2019, Plaintiff learned from his supervisor that Mr. McGovern stated that he believed Plaintiff was "too gay" and an "embarrassment", and that he wanted a "non-black non-gay" person for the role in question

18. This was the first time Plaintiff learned that the real reason he was not selected for the promotion was due to his sexual preference and his race, and not in any way related to his

qualifications.

19. The person selected for the position was of a different race (Asian) and a different sexual orientation (heterosexual) than Plaintiff.

20. Plaintiff was highly qualified for the position, yet was not provided the opportunity to apply for, or be considered for the promotion.

21. Despite being qualified for the position, Plaintiff was unfairly denied the promotion due to his race and sexual orientation.

22. As a result of this non-selection, Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, and privileges of employment.

23. This non-selection limited Plaintiff in a way which deprived him of employment opportunities and income for which he was highly qualified.

24. This non-selection was based solely on his protected classes as opposed to his qualifications for the position.

25. Plaintiff was better qualified for the position than the selectee was.

26. On or around February 20, 2020, Plaintiff submitted a Charge of Discrimination with the D.C. Office of Human Rights alleging race and sexual preference discrimination.

27. Upon receipt of the initial complaint, the Office of Human Rights interviewed Plaintiff to determine the relevant facts and dates for his Charge of discrimination. A formal Charge was then drafted based on the interview.

28. On or around August 5, 2020, the Office of Human Rights issued a notice, stating the parties must attend mandatory mediation on September 24, 2020.

29. On or around September 4, 2020, Defendant filed a motion to dismiss the Charge

of Discrimination on the basis that the Charge was untimely.

30. A private cause of action pursuant to DC Code § 2-1403.16(a) must be filed within one year of the unlawful discriminatory act. The limitations period runs from the occurrence of the unlawful discriminatory act or the discovery thereof. Plaintiff's race discrimination claim under 42 U.S.C Section 1981 is also timely filed.

### COUNT ONE

#### (VIOLATION OF D.C. HUMAN RIGHTS ACT – D.C. CODE § 2-1402.11)(RACE AND SEXUAL ORIENTATION DISCRIMINATION)

31. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 18 above, as if fully set forth herein.

32. D.C. Code § 2-1402.11 prohibits discrimination on the basis of race or sexual orientation in the form of failing or refusing to hire, or otherwise discriminating against any individual, with respect to his or her compensation, terms, conditions, or privileges of employment, including promotion.

33. Plaintiff works for Defendant and is a member of a class protected under by virtue of his race (Black) and sexual orientation (gay). D.C. Code § 2-1402.11(a).

34. As an entity formed and doing business within the jurisdiction of the District of Columbia, Defendant must abide by D.C. Code § 2-1402.11.

35. Other employees of Defendant and who are individuals who are not Black or gay are treated more favorably than Plaintiff by: receiving a promotion to a position for which Plaintiff is highly qualified but was not allowed to apply to due to lack of posting or advertising on part of Defendant.

36. The individual selected for the position was of a different race (Asian) and a different

sexual orientation (Heterosexual) than Plaintiff.

37. Plaintiff learned that the reason he was not allowed to apply for the position and summarily denied the promotion was not because of his qualifications, but because Defendant wanted to promote a "non-black and non-gay" individual to the position in question.

38. Plaintiff further learned that Defendant was aware of his sexual orientation when the Vice President referred to Plaintiff as "too gay" and an "embarrassment."

39. Defendant was also aware of Plaintiff's race from the number of years Plaintiff worked for Defendant.

40. The Defendant has refused to allow Plaintiff to apply for this position, despite being prohibited from refusing to hire or promote employees based on their race and sexual orientation.

41. The foregoing actions by Defendant constitute discrimination on the basis of race and sexual orientation, which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation of D.C. Code § 2-1402.11.

42. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

43. Defendant Gilead is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

## COUNT TWO

### (VIOLATION OF 42 U.S.C. § 2000e-2-RACE DISCRIMINATION)

44. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 18 above, as if fully set forth herein.

45. 42 U.S.C. § 2000e-2 makes it unlawful for an employer to fail or refuse to hire, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of such individual's race.

46. Plaintiff works for Defendant and is a member of a class protected under by virtue of his race (Black). 42 U.S.C. § 2000e-2.

47. As an entity formed and doing business within the jurisdiction of the United States, Defendant must abide by 42 U.S.C. § 2000e-2.

48. Other employees of Defendant and who are individuals who are not Black are treated more favorably than Plaintiff by: receiving a promotion to a position for which Plaintiff is highly qualified but was now allowed to apply to due to lack of posting or advertising on part of Defendant.

49. The individual selected for the position was of a different race (Asian) and a different sexual orientation (Heterosexual) than Plaintiff.

50. Plaintiff learned that the reason he was not allowed to apply for the position and summarily denied the promotion was not because of his qualifications, but because Defendant wanted to promote a "non-black and non-gay" individual to the position in question.

51. The Defendant has refused to allow Plaintiff to apply for this position, despite being prohibited from refusing to hire or promote employees based on their race and sexual orientation.

52. The foregoing actions by Defendant constitute discrimination on the basis of race,

which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation 42 U.S.C. § 2000e-2.

53. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

54. Defendant Gilead is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

### COUNT THREE

### (VIOLATION OF 42 U.S.C. § 1981-RACE DISCRIMINATION)

55. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 18 above, as if fully set forth herein.

56. 42 U.S.C. § 1981 provides equal rights under the law, specifically that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make an enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

57. Pursuant to 42 U.S.C. § 1981(b), "make and enforce contract" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

58. Plaintiff is a member of a racial minority (black) who works for Defendant and is entitled to equal rights under the law pursuant to 42 U.S.C. § 1981.

59. As an entity formed and doing business within the jurisdiction of the United States, Defendant must abide by 42 U.S.C. § 1981.

60. Other employees of Defendant and who are individuals who are not Black are treated more favorably than Plaintiff by: receiving a promotion to a position for which Plaintiff is highly qualified but was not allowed to apply to due to lack of posting or advertising on part of Defendant.

61. The individual selected for the position was of a different race (Asian) than Plaintiff.

62. Plaintiff learned that the reason he was not allowed to apply for the position and summarily denied the promotion was not because of his qualifications, but because Defendant wanted to promote a "non-black" individual to the position in question.

63. The Defendant has refused to allow Plaintiff to apply for this position, despite being prohibited from refusing to hire or promote employees based on their race.

64. The foregoing actions by Defendant constitute discrimination on the basis of race, which have infringed upon Plaintiff's right to make and enforce contracts, as well as his right to the full and equal benefit of all laws and proceedings for the security of persons and property, in violation 42 U.S.C. § 1981.

65. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

66. Defendant Gilead is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jabari Bruton-Barrett, respectfully prays that this

Honorable Court grant it the following relief:

a.) Enter a declaratory judgment finding that the foregoing actions of Defendant violated D.C. Code § 2-1402.11 and to 42 U.S.C. § 1983, D.C. Code § 2-1403.04 and 42 U.S.C. § 2000e and 42 U.S.C § 1981.

b.) Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c.) Order the Defendant institute a policy and procedure to be implemented against discrimination;

d.) Award compensatory damages in a proven and determined amount to compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

e.) Award reasonable attorney fees, costs, and expenses incurred for this action;

f.) Award equitable, declaratory, and injunctive relief;

g) Pre and post judgment interest;

g.) Award Plaintiff punitive damages; and

h.) Order such other and further relief as this Honorable Court deems just and proper.

**Equitable Relief**

a.) Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

b.) Plaintiff requests all equitable relief which can be afforded it under the law because the continued actions of the employees of Defendant responsible for the actions alleged herein, represents a clear and present danger to Plaintiff's interests which could result in further illegal actions on the party of Defendant, by and through its agents, servants, and employees.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in this case so triable.

Dated: July 12, 2021

    Respectfully submitted,

*/s/ Donna Williams Rucker*
Donna Williams Rucker
(D.C. Bar No. 446713)
Deputy Managing Partner

TULLY RINCKEY PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
Phone: (202) 787-1900
Fax: (202) 640-2059
drucker@fedattorney.com

*Attorney for Plaintiff*