UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JABARI BRUTON-BARRETT, <br><br> Plaintiff, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 21-1860 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

The plaintiff, Jabari Bruton-Barrett, brings this civil action against the defendant, Gilead Sciences, Inc., asserting claims of (1) discrimination based upon his race and sexual orientation, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 ("DCHRA") (the "DCHRA claims"); (2) discrimination based upon his race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 ("Title VII") (the "Title VII claim"); and (3) discrimination based upon his race, in violation of 42 U.S.C. § 1981. See Complaint for Damages and Equitable Relief ("Compl.") ¶¶ 41, 52, 64, ECF No. 1. Currently pending before the Court is the defendant's partial motion to dismiss the plaintiff's DCHRA claims and Title VII claim. See Defendant Gilead Sciences, Inc.'s Motion for Partial Dismissal ("Def.'s Mot.") at 1, ECF No. 6. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant in part and deny without prejudice in part the defendant's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Law in Support of Defendant Gilead Sciences, Inc.'s Motion for Partial Dismissal ("Def.'s Mem."), ECF No. 6-1; (2) the Plaintiff's Opposition to Defendant's Motion for Partial Dismissal ("Pl.'s Opp'n"), ECF No. 12; and (3) the Reply Brief in Support of Defendant Gilead Sciences, Inc.'s Motion for Partial Dismissal ("Def.'s Reply"), ECF No. 13.

I. BACKGROUND

A. Factual Background

The following allegations are taken from the plaintiff's Complaint, unless otherwise specified. The "plaintiff is African American[,] and he is openly gay." Compl. ¶ 6. The plaintiff has been employed by the defendant, "a biopharmaceutical company committed to advancing innovative medicines to prevent and treat life-threatening diseases," Def.'s Mem. at 3, since December 13, 2013, see Compl. ¶ 10, "as a Community Liaison in the [defendant's] Commercial Division[,]" id. ¶ 2. "In or around June 2018, [the p]laintiff expressed interest in applying for a newly created position with [the d]efendant as Director of Corporate Contributions that had not yet been posted for applications." Id. ¶ 11. "In or around January 2019, [the p]laintiff learned that selecting official Patrick McGovern[,]" who is white, had "selected another individual[,]" who is Asian and heterosexual, "for the position without posting the position for others to apply." Id. ¶ 13.

On January 29, 2019, the plaintiff "sent an email to [the d]efendant's Human Resources Group, complaining that he was not selected for the position because of his race[.]" Id. ¶ 14. Subsequently, on March 25, 2019, the "[d]efendant concluded an internal investigation into [ ] McGovern's [alleged] discriminatory practices." Id. ¶ 16. On March 28, 2019, the plaintiff "learned from his supervisor that [ ] McGovern stated that he believed [the p]laintiff was 'too gay' and an 'embarrassment[,]'[] and that he wanted a 'non-black[,] non-gay' person for the role in question[.]" Id. ¶ 17. The plaintiff states that "[t]his was the first time [he] learned that the real reason he was not selected for the promotion was due to his sexual preference and his race, and not in any way related to his qualifications." Id. ¶ 18. Thus, the plaintiff alleges that, despite being "highly qualified for the position," he "was not provided the opportunity to apply for, or be

2

considered for[,] the promotion[,]" id. ¶ 20, and was "unfairly denied the promotion due to his race and sexual orientation[,]" id. ¶ 21. "As a result of this non-selection," the plaintiff claims that "[the d]efendant discriminated against [him] with respect to his compensation, terms, conditions, and privileges of employment." Id. ¶ 22.

On February 20, 2020, the plaintiff "submitted a [c]harge of [d]iscrimination with the [District of Columbia] Office of Human Rights [('DCOHR'),] alleging race and sexual preference discrimination." Id. ¶ 26. The DCOHR "interviewed [the p]laintiff to determine the relevant facts and dates for his [c]harge of discrimination" and "[a] formal [c]harge was then drafted based on the interview." Id. ¶ 27. On August 5, 2020, the DCOHR "issued a notice, stating [that] the parties must attend mandatory mediation on September 24, 2020." Id. ¶ 28. However, on September 4, 2020, the defendant "filed a motion to dismiss the [c]harge of [d]iscrimination on the basis that the [c]harge was untimely." Id. ¶ 29.

**B.     Procedural History**

On July 12, 2021, the plaintiff filed his Complaint, alleging that his "non-selection" for promotion to the Director of Corporate Contributions position in January 2019 was discriminatory under (1) the DCHRA, (2) Title VII, and (3) 42 U.S.C. § 1981. See id. ¶¶ 22–23, 41, 52, 64. On September 30, 2021, the defendant filed its partial motion to dismiss the plaintiff's DCHRA claims and Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Def.'s Mot. at 1. The plaintiff then filed his opposition on December 20, 2021, see Pl.'s Opp'n at 1, and the defendant filed its reply on January 10, 2022, see Def.'s Reply at 1.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests whether a complaint has properly "state[d] a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to

dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555).  Also, the Court need not "accept legal conclusions cast as factual allegations[,]" or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[.]"  Hettinga, 677 F.3d at 476.  The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

"Finally, a court in this District, at least when the plaintiff is represented by counsel, may consider as conceded any arguments raised by a defendant's Rule 12(b)(6) motion that are not addressed in a plaintiff's opposition." Toms v. Off. of the Architect of the Capitol, 650 F. Supp. 2d 11, 18 (D.D.C. 2009) (Walton, J.); see also Tnaib v. Document Tech., Inc., 450 F. Supp. 2d

87, 91 (D.D.C. 2006) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." (quoting Fox v. Am. Airlines, Inc., No. 02-2069, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003), aff'd, 389 F.3d 1291 (D.C. Cir. 2004))); Stephenson v. Cox, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (dismissing various counts of the complaint as conceded, noting that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss").

### III.   ANALYSIS

The defendant argues that the plaintiff's DCHRA and Title VII claims should be dismissed "[p]ursuant to Federal Rule of Civil Procedure 12(b)(6)" "for failure to state a claim upon which relief can be granted."  Def.'s Mot. at 1.  In response, the plaintiff contends that his "claim of sexual orientation discrimination pursuant to the [DCHRA]" should survive because it "was timely made[,]" Pl.'s Opp'n at 1, but the plaintiff does not respond to the defendant's arguments regarding his race discrimination claim under the DCHRA or his Title VII claim, see generally id.  The Court will first address the defendant's challenge to the plaintiff's DCHRA claims, before proceeding to the defendant's challenge to the plaintiff's Title VII claim.

**A.   The Plaintiff's DCHRA Claims**

The defendant asserts that the "[p]laintiff's [DCHRA] claims for race and sexual-orientation discrimination . . . fail as untimely under the governing statute of limitations because [the p]laintiff failed to file his administrative complaint with [the] DCOHR within one year of his discovery of the challenged act[,]" Def.'s Mem. at 6, which the defendant alleges was

the plaintiff's "non-selection for the Director of Corporate Contributions position[,]" id. at 7.[2]  In response, the plaintiff argues that his "claim of sexual orientation discrimination pursuant to the [DCHRA] was timely made[,]" Pl.'s Opp'n at 1, because, "[a]lthough [he] was vocal in his opinion that [the d]efendant's selecting officials were motivated by racist animus [on January 29, 2019], he did not suspect that the selection decision was also based on his sexual preference until March 28, 2019[,]" id. at 5.  Before the Court may consider the defendant's argument for dismissal of the plaintiff's DCHRA claims as time-barred, the Court must address its authority to exercise jurisdiction over these claims.  See NetworkIP, LLC v. Fed. Commc'ns Comm'n, 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject[-]matter jurisdiction may not be waived, and that courts may raise the issue sua sponte." (internal quotation marks omitted)).  For the following reasons, the Court concludes that, "at this time[, it] cannot determine whether it has subject[-]matter jurisdiction over [the plaintiff's] DCHRA claim[s]."  Peart v. Latham & Watkins, 985 F. Supp. 2d 72, 88 (D.D.C. 2013).

The DCHRA "requires an election of remedies."  Jones v. District of Columbia, 41 F. Supp. 3d 74, 79 (D.D.C. 2014).  Under the DCHRA, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint" with the DCOHR.  D.C. Code § 2-1403.16(a).  "Individuals alleging violations of the DCHRA [ ] thus . . . may file a complaint either in court or with [the DC]OHR[,]" but "they cannot do both[,]" Elzeneiny v. District of Columbia, 125 F. Supp. 3d 18,

---

[2] In his opposition, the plaintiff contests the defendant's characterization of the discriminatory act, arguing that "the injury in this case was not simply [the p]laintiff's non-selection, but rather [the p]laintiff's disparate treatment with regards to the non-competitive selection decision on the basis of his sexual preference, as well as the ongoing disparate impact of . . . McGovern's policy of not promoting gay black men."  Pl.'s Opp'n at 5 (emphasis in original).

32 (D.D.C. 2015), because "the jurisdiction of the court and [the DC]OHR are mutually exclusive in the first instance[,]" Carter v. District of Columbia, 980 A.2d 1217, 1223 (D.C. 2009) (quoting Brown v. Capitol Hill Club, 425 A.2d 1309, 1311 (D.C. 1981)). Therefore, "once a plaintiff files a complaint with [the DC]OHR, [he or] she may only file an independent suit in two narrow instances: [(1)] if [the DC]OHR dismissed the case on administrative convenience [grounds,] or [(2)] if the individual withdrew [his or] her [DC]OHR complaint before a probable-cause determination was rendered." Elzeneiny, 125 F. Supp. 3d at 33; see also D.C. Code § 2-1403.16(a) (stating that "where the [DCOHR] has dismissed [a] complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint has been filed").

Here, the plaintiff represents that he "submitted a [c]harge of [d]iscrimination with the [DCOHR.]" Compl. ¶ 26. Accordingly, the Court may only exercise jurisdiction over this case if either "(1) [the DC]OHR dismiss[ed] the complaint for 'administrative convenience' or (2) the [plaintiff] withdr[ew] [his] [DC]OHR complaint before [the DC]OHR [ ] decided it." Carter, 980 A.2d at 1223 (citing D.C. Code § 2-1403.16(a)). However, the plaintiff's Complaint only provides two updates as to the status of his DCOHR discrimination charge: (1) on August 5, 2020, the DCOHR "issued a notice, stating that the parties must attend mandatory mediation on September 24, 2020[,]" id. ¶ 28; and (2) on September 4, 2020, "[the d]efendant filed a motion to dismiss the [c]harge of [d]iscrimination on the basis that the [c]harge was untimely[,]" id. ¶ 29. The Complaint provides no further information about the status of the plaintiff's case before the DCOHR. See generally Compl.

Therefore, the plaintiff's Complaint lacks any allegations that would enable the Court to conclude that "[the DC]OHR dismissed the case on administrative convenience [grounds]" or the

plaintiff "withdrew [his DC]OHR complaint before a probable-cause determination was rendered." Elzeneiny, 125 F. Supp. 3d at 33; see generally Compl.  Accordingly, to determine whether it can exercise jurisdiction over the plaintiff's DCHRA claims, the Court will require the submission of supplemental briefing regarding the plaintiff's election of remedies and, in the interim, deny the defendant's motion for partial dismissal without prejudice as to the DCHRA claims in Count I.  See Peart, 985 F. Supp. 2d at 90 n.3 (declining to reach the defendant's argument for dismissal of a DCHRA claim because "[d]etermining whether [the plaintiff's] DCHRA claim is untimely would constitute an exercise of the Court's subject[-]matter jurisdiction" and "the Court [could not] determine at th[at] time whether it ha[d] jurisdiction over [the] DCHRA claim").

**B.     The Plaintiff's Title VII Claim**

The Court now turns to the defendant's challenge to the plaintiff's Title VII claim.  The defendant contends that the "[p]laintiff's Title VII claim in Count II is [ ] deficient because [the p]laintiff does not allege that he exhausted his administrative remedies with the Equal Employment Opportunity Commission ('EEOC')[.]"  Def.'s Mem. at 3.  Specifically, the defendant argues that the plaintiff does not allege "that he filed any charge with the EEOC (or that his DCOHR charge was cross-filed with the EEOC)[,]" "that he received a right-to-sue notice from the EEOC before filing this action[,]" or "even [ ] the sort of conclusory statement . . . that he 'exhausted his administrative remedies.'"  Id. at 8.  The plaintiff has not responded to the defendant's argument, see generally Pl.'s Opp'n, and for the following reasons, the Court concludes that the plaintiff has conceded this argument.

"Prior to filing a Title VII suit, a plaintiff must exhaust his [or her] administrative remedies by filing an EEOC charge outlining his [or her] allegations."  Duberry v. Inter-Con Sec.

8

Sys., Inc., 898 F. Supp. 2d 294, 298 (D.D.C. 2012) (citing 42 U.S.C. § 2000e-5(e)).  Since "Title VII's exhaustion requirements are not jurisdictional[,]" Artis v. Bernake, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011), "a 12(b)(6) motion . . . is the appropriate vehicle to challenge an alleged failure to exhaust administrative remedies under Title VII[,]" Mahoney v. Donovan, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (internal quotation marks omitted); see also Hicklin v. McDonald, 110 F. Supp. 3d 16, 18 (D.D.C. 2015) ("A motion to dismiss for failure to exhaust administrative remedies is properly addressed under [ ] Rule . . . 12(b)(6).") (citing Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility, 540 F. Supp. 2d 231, 234–35 (D.D.C. 2008)).

However, "failure to exhaust is an affirmative defense that must be pleaded and established by the defendant, and the plaintiff therefore need not plead exhaustion in the complaint." Briscoe v. Costco Wholesale Corp., 61 F. Supp. 3d 78, 85 (D.D.C. 2014).  Thus, "the defendant 'bears the burden of proving by a preponderance of the evidence that the plaintiff has failed to exhaust administrative remedies.'" Id. at 84–85 (quoting Ndondji v. InterPark Inc., 768 F. Supp. 2d 263, 276 (D.D.C. 2011) (citing Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997)).  "This burden requires more than '[m]eager, conclusory allegations that the plaintiff failed to exhaust his [or her] administrative remedies.'" Id. at 85 (quoting Dobbs v. Roche, 329 F. Supp. 2d 33, 38 (D.D.C. 2004)).  "If the defendant meets its burden, the burden shifts to the plaintiff to demonstrate that dismissal is not warranted." Id.  "When a plaintiff fails to meet his [or her] burden by showing that he [or she] exhausted the administrative remedies, dismissal is appropriate." Id.

Here, although the plaintiff was not required to plead exhaustion in his Complaint, see id., the plaintiff's opposition "does not mention [the p]laintiff's Title VII claim," Def.'s Reply at 3, and does not respond to the argument that "the claim is subject to dismissal based on [the

9

p]laintiff's failure to exhaust the administrative prerequisites with the EEOC[,]" id. See generally Pl.'s Opp'n. Accordingly, without reaching the merits of the defendant's affirmative defense, the Court concludes that the plaintiff has "conceded [the] argument[] raised by [the] defendant's Rule 12(b)(6) motion" as to the exhaustion of administrative remedies because "the plaintiff is represented by counsel" and the defendant's arguments "are not addressed in [the] plaintiff's opposition." Toms, 650 F. Supp. 2d at 18; see also Tnaib, 450 F. Supp. 2d at 91 ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." (quoting Fox, 2003 WL 21854800, at *2)). Thus, the Court will grant the defendant's motion with respect to the Title VII claim in Count II of the plaintiff's Complaint.

### IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it must grant in part and deny without prejudice in part the defendant's motion.

**SO ORDERED** this 14th day of November, 2022.[3]

REGGIE B. WALTON  
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.

10